**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony Francis BOOK, Defendant–Appellant.**

No. 08–30335.

United States Court of Appeals, Ninth Circuit.

Submitted March 16, 2010.*

Filed March 26, 2010.

Joseph E. Thaggard, Assistant U.S., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Mark D. Meyer, Ugrin Alexander Zadick & Higgins, PC, Great Falls, MT, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Anthony Francis Book appeals from the 300–month sentence imposed following his guilty-plea conviction for conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 851. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Book contends that the district court erred by failing to treat his two prior felony drug convictions as a single conviction for purposes of a sentence enhancement under 21 U.S.C. § 841(b)(1)(A), and that his overall sentence is substantively unreasonable. We decline to reach these contentions because Book pleaded guilty pursuant to a plea agreement in which he knowingly and voluntarily waived his right to appeal the sentence. *See United States v. Bibler,* 495 F.3d 621, 623–24 (9th Cir. 2007).

Book contends that his appeal waiver is inapplicable because the district court's failure to treat his two prior felony drug convictions as a single conviction resulted in a disproportionate sentence that violates the "cruel and unusual punishment" clause of the Eighth Amendment. This contention fails. Although an appeal waiver will not apply if the sentence violates the Constitution, *see id.* at 624, Book's sentence is well below the maximum term allowed and is not "so 'grossly out of proportion to the severity of the crime' as to shock our sense

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of justice." *See United States v. Cupa–Guillen,* 34 F.3d 860, 864 (9th Cir.1994).

**DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.